Brady, P. J.
This action was brought by a judgment creditor to obtain a decree declaring that certain real estate conveyed to Marguerite A. Murray was subject to a Men in favor of the creditors of the defendant, Joseph Murray, and that the property be sold to pay the same. The plaintiff proved the record of several judgments, and that .Joseph Murray having ascertained that the lands mentioned in the complaint could be purchased for $6,500 went to one David Frank, to whom he communicated that fact, and said to him that if he would buy the lot for $6,500, he (Murray), would take it at $8,500, provided Frank would make a building loan, adding, however, that he wanted to buy the lot for his daughter. The building loan was made as arranged, the property conveyed to Marguerite, and the checks for the loan made payable to her order, and endorsed by her to Joseph Murray, who was appointed as her attorney for *629 that purpose. It also appeared, that Joseph Murray em-. ployed men upon the building, having, as it clearly appears, taken almost exclusive charge of it, which was very natural, as he was a builder and his daughter was not. It also appears that during the time the building was in progress she was housekeeper in her father’s family, and had no other occupation. The case for the plaintiff depended, with the exception of proof of the purchase of the land upon the testimony of the defendants Marguerite and Joseph Murray.
Upon the trial the following questions were put to Joseph Murray:
Q. Is not this a fact, that yon made all these negotiations, and merely put your daughter in there to represent you, and hold this title for your benefit, you collecting all the money, paying out all the money, negotiating for the mortgages, and arranging to sell this property yourself ?
A. I did by power of attorney.
By the Court:
Q. Did it for your benefit ?
A. No, sir; it was not for my benefit at all.
There was some evidence that Margaret Murray had some ‘money which she was asked by her father to put in, and which she consented to do, the amount of which does not appear. She was called as a witness on behalf of the plaintiff, but was addressed no question on that subject by the plaintiff, the apparent object of calling her being simply to show that she was not engaged in business, and had not learned any trade, particularly that of carpenter and builder. She said, however, that her father was a builder, and had been building in the city of New York for a good many years. And her father testified that she remarked to him in reference to the transaction when it was suggested to her : “All right, father, you have done something for the rest; you have never assisted me. Now, here is my money to assist you.”
The learned justice in the court below held that the affirmative rested with the plaintiff and that he had failed to maintain it.
The case relied upon by the appellant’s counsel to maintain this action, aside from the general equity principles which he thought must intervene in favor of his client was that of Tripp v. Child (14 Barb., 85). In that case, however, it appeared that a physician for a sum agreed upon made an "assignment of all his earnings during his life to his són, and this was held to be a fraud upon his creditors. It presents, therefore, a very different state of facts from those established in this controversy. This was an isolated transaction in which the daughter assumed all the responsibilities for the reason that she became the grantee and exe *630 outed the mortgage, and it appears contributed towards the enterprise by the investment of her own funds.
We do not understand how it is possible for the plaintiff by the invocation of any known rule either of law or equity to overcome the force and effect of the facts which he has himself established by the evidence produced on his own behalf.
We think, for these reasons, the judgment should be affirmed.
Daniels and Macomber, JJ., concur.